UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>WILLIAM O. HULTIN,<br>          DEBTOR. | Chapter 7<br>Case No. 13-15430-WCH |
| WARREN E. AGIN,<br>CHAPTER 7 TRUSTEE<br>          PLAINTIFF,<br><br>v.<br><br>ROBINDRANATH DOOKHAN,<br>TEMU-RA DIAS, AND<br>WELLS FARGO BANK,<br>          DEFENDANTS. | Adversary Proceeding<br>No. 14-1047 |

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

Warren E. Agin, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate of William O. Hultin (the "Debtor"), filed a complaint seeking to avoid a transfer of the Debtor's interest in real property, alleging that the transfer had not been recorded in due course pursuant to Mass. Gen. Laws ch. 184, § 25 ("Section 25"). Wells Fargo Bank ("Wells Fargo") filed a motion to dismiss the complaint for failure to state a claim under the statute (the "Motion to Dismiss"), which the Trustee opposed. For the reasons set forth below, I will grant the Motion to Dismiss.

1

## II. **BACKGROUND**

For the purposes of a motion to dismiss, I assume the truth of all well-pleaded facts set forth in the complaint.[1]

The Debtor acquired real property located at 841 River Street in Boston, Massachusetts (the "Property") in 1986. On July 14, 2003, the Debtor executed a deed (the "Deed") transferring the Property to Robindranath Dookhan. The Deed accurately identified the grantor as "William O. Hultin." When the Deed was recorded in the Suffolk County Registry of Deeds (the "Registry"), however, the Registry entered the conveyance in the grantor index under the name "William Hiltin."

Subsequent to Dookhan's acquisition of the Property, the following deeds were recorded at the Registry and indexed in the chain of title: (1) a deed recorded on December 7, 2005, which transferred Dookhan's interest in the Property to Ivan Henriquez; (2) a foreclosure deed recorded on April 9, 2008, which transferred Henriquez's interest in the Property to LaSalle Bank National Association; and (3) a warranty deed recorded on October 24, 2008, which transferred LaSalle's interest in the Property to Temu-Ra Dias. On April 24, 2009, Dias entered into a financing transaction whereby Dias executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), which was also recorded at the Registry. By an assignment recorded on December 6, 2011, MERS assigned the mortgage to Wells Fargo.

On September 13, 2013, the debtor filed a voluntary Chapter 7 petition. As of that date, the Deed was indexed in the Registry's grantor index under the name "William Hiltin." On February 18, 2014, the Trustee commenced the present adversary proceeding against Dookhan, Dias, and Wells Fargo. The Trustee seeks to (i) avoid the defendants' interests in the Property,

---

[1] *See Banco Santander de Puerto Rico v. Lopez-Stubbe* (*In re Colonial Mortg. Bankers Corp.*), 324 F.3d 12, 15 (1st Cir. 2003).

2

(ii) recover the Property and (iii) preserve the Property or its value for the benefit of the estate pursuant to 11 U.S.C. §§ 544, 550 and 551. The Trustee asserts that, due to the indexing error, the Deed was not properly recorded and, as such, the transfer evidenced by the Deed and all subsequent transfers are invalid against third parties.

On May 20, 2014, Wells Fargo filed the Motion to Dismiss. The Trustee filed an opposition on June 3, 2014, to which Wells Fargo filed a reply. On June 19, 2014, Dias filed a motion to join the Motion to Dismiss. I conducted a hearing on the matters on July 9, 2014, at which I granted Dias's motion to join and took the Motion to Dismiss under advisement.

### III. POSITIONS OF THE PARTIES

A. Wells Fargo and Dias

Wells Fargo argues that the adversary proceeding ought to be dismissed because there is no dispute that the Deed was properly acknowledged and recorded with the Registry. Wells Fargo contends that Section 25's provision that a deed must be "so recorded . . . as to be indexed in the grantor index" only requires a party to present the registry with a deed that can be properly indexed in the grantor index, and does not require the party to ensure that the Registry properly indexes the deed. Thus, Wells Fargo asserts that it complied with the statute, and that the common law rule then controls whether the Trustee had constructive notice of the transfers at issue. Wells Fargo points to a number of Massachusetts cases for the proposition that an indexing error by a registry does not destroy the constructive notice provided by an otherwise properly recorded deed.

Further, Wells Fargo urges that the "accessibility" of the Deed through a search of the grantor index is not the proper test for whether there was constructive notice. In any event, Wells Fargo asserts that the Deed remained accessible through a search the grantee or property

3

address indices. Finally, Wells Fargo notes that the Trustee has not cited to any Massachusetts cases which support his interpretation of the relevant statute.

While Dias did not file a memorandum of law, his counsel indicated at the hearing that he joins Wells Fargo's arguments. Additionally, he separately argued that it would be inequitable to remove him and his family from the Property due to a mistake made by the Registry.

### B. The Trustee

The Trustee argues that Section 25's requirement that a deed be "so recorded . . . as to be indexed in the grantor index" mandates that a deed be properly indexed in the grantor index to be effective against third parties. The Trustee contends that the purpose of the statute was to ensure third parties had constructive notice of an interest in property by requiring the interest to appear in the grantor index. The Trustee asserts that the enactment of Section 25 in 1959 abrogated any older cases on which Wells Fargo relies. The Trustee also stresses that in many of the cases relied on by Wells Fargo, the records at issue were accessible to the public despite indexing errors. The Trustee argues that the Deed, indexed under the name "Hiltin," was not accessible because at the time of the bankruptcy filing, a third party searching the Registry to determine whether the Debtor owned the Property would not have found it.

## IV. DISCUSSION

Pursuant to Fed. R. Civ. P. 12(b)(6)[2], "a court must dismiss a complaint if it fails to state a claim upon which relief can be granted."[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[2] Made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012.

[3] *Hunnicutt v. Green (In re Green)*, BAP MB 13-061, 2014 WL 3953470 at *5 (B.A.P. 1st Cir. Aug. 6, 2014).

face.'"[4]  In this case, Wells Fargo asserts that the complaint fails to state a claim upon which relief can be granted because, even taking the facts in the complaint as true, the Deed was recorded in due course under Massachusetts law.

Pursuant to Mass. Gen. Laws ch. 183 § 4, a conveyance of real estate "shall not be valid as against any person, except the grantor . . . and persons having actual notice of it" unless it is "recorded in the registry of deeds for the county or district in which the land to which it relates lies."  Section 25 further provides, in relevant part, that:

> No instrument shall be deemed recorded in due course unless so recorded in the registry of deeds for the county or district in which the real estate affected lies as to be indexed in the grantor index under the name of the owner of record of the real estate affected at the time of the recording.[5]

The parties dispute the import of the requirement that that a deed be "so recorded in the registry of deeds . . . *as to be indexed* in the grantor index under the name of the owner of record."[6]  The Trustee asserts that this language requires a deed to be indexed under the name of the grantor to be recorded in due course.  Wells Fargo, on the other hand, contends that "as to be indexed" simply requires a party to present the Registry with a deed containing the grantor's name, such that the Registry may properly index it.

There do not appear to be any Massachusetts cases addressing the precise issue presented by the parties—that is, whether an instrument is "recorded in due course" under Section 25 when the instrument contains the information necessary to be properly indexed, but the registry fails to index it under the grantor's name.  In addressing an issue of Massachusetts law not yet decided by the state courts, I must attempt to predict how the Massachusetts Supreme Judicial Court

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] Mass. Gen. Laws ch. 184, § 25.

[6] *Id.* (emphasis added).

would interpret the statute.[7]  Under the Massachusetts principles of statutory construction, "when the statute's language is plain and unambiguous," the court affords it "its ordinary meaning."[8] "Where the draftsmanship of a statute is faulty or lacks precision, it is [the court's] duty to give the statute a reasonable construction."[9]  The court "must construe the statute in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated."[10]  The legislature's intent is found "most obviously in the words of the law itself."[11]  Yet, in determining legislative intent, the court "consider[s] the statute in light of the common law," and Massachusetts courts "do not construe a statute 'as effecting a material change in or a repeal of the common law unless the intent to do so is clearly expressed.'"[12]

In this case, the language of the statute lacks precision.  I find the requirement that a deed be "so recorded . . . *as to be indexed* in the grantor index under the name of the owner of record" is susceptible to either of the parties' interpretations.[13]  Thus, I will turn to the Massachusetts common law to inform my interpretation of the statue.

Massachusetts cases have held that a registry's mistake in indexing does not destroy constructive notice of an otherwise properly recorded deed.  For example, in *Nickels v. Scholl*,

---

[7] *Garran v. SMS Financial V, LLC (In re Garran)*, 338 F.3d 1, 6 (1st Cir. 2003) (*citing Caron v. Farmington Nat'l Bank (In re Caron),* 82 F.3d 7, 9 (1st Cir.1996).

[8] *Com. v. Pagan*, 445 Mass. 315, 319 (2005) (internal quotations omitted).

[9] *Id.* (internal quotations omitted).

[10] *Id.* (internal quotations omitted).

[11] *Suffolk Const. Co., Inc. v. Div. of Capital Asset Mgmt.*, 449 Mass. 444, 454 (2007).

[12] *Id.* (*quoting Riley v. Davison Constr. Co.,* 381 Mass. 432, 438 (1980)).

[13] Mass. Gen. Laws ch. 184, § 25 (emphasis added).

6

the Supreme Judicial Court found that the plaintiff had constructive notice of a conditional sales contract for plumbing materials, even though the town registry indexed the contract under the name of only one party to it, failing to index it under the name of the property owner.[14] The court explained:

> While the statute, R. L. c. 25, § 64, requires a city or town clerk to make and keep an index of instruments entered with him which are required by law to be recorded, still the index ordinarily is no part of the record, and a mistake made in it by the clerk does not invalidate the notice afforded by a record otherwise in proper form.[15]

In a 2008 superior court case, *Hudson v. Plante*, a creditor filed an attachment in the Worcester County Registry of Deeds, attaching property held in the name of "Applerock Revocable Trust."[16] The proper name of the trust, however, was the Applerock Realty Trust.[17] The creditor later obtained a court order amending its filings to substitute the proper name of the trust and recorded the order in the registry.[18] Nevertheless, the registry failed to update its index so that the attachment would appear under the name Applerock Realty Trust.[19] The superior court found that the registry's mistake did not cause the creditor to lose its priority position in regard to the attachment.[20] Likewise, in *Trager v. Hiebert Contracting Co.*, a registry clerk mistakenly indexed an attachment as an execution and added that the "execution" related only to land in

---

[14] *Nickels v. Scholl*, 228 Mass. 205, 207-10 (1917).

[15] *Id.* at 210.

[16] *Hudson Sav. Bank v. Plante*, No. 061956A, 2008 WL 442582 at *2 (Mass. Super. Ct. 2008).

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.* (*citing Higgins v. Savoie*, 288 Mass. 463, 467 (1934) ("this court has uniformly held in favor of a person who has done all he could do to have a transaction recorded, as against a subsequent creditor or purchaser who has relied on an erroneous record.")).

Marblehead, Massachusetts.[21]  The defendant in the case claimed that he thus did not have constructive notice of the attachment of land in Peabody, Massachusetts.[22]  The United States Court of Appeals for the First Circuit rejected this argument, noting that, "under Massachusetts law an error in indexing at the registry, if the proper filing has been made by the officer, does not invalidate the attachment. The loss falls on the subsequent purchaser."[23]

Section 25 does not express a clear legislative intent to overturn the common law rule concerning where the burden should fall when a registry makes an indexing mistake.  It was enacted in 1959 to protect purchasers from "indefinite references" in recorded instruments.[24]  It defines an "indefinite reference" to include any restriction, easement, mortgage, encumbrance, or other interest in property unless it was created by an instrument which was "recorded in due course."[25]  As is relevant here, Section 25 then goes on to define the phrase "recorded in due course."[26]  Thus, taking the relevant language in context, the requirement that a deed be "so recorded . . . as to be indexed" in the grantor index is aimed at eliminating indefinite references in recorded instruments.[27]  It does not clearly place the burden on the recording party to ensure that the instrument is in fact indexed properly.

---

[21] *Trager v. Hiebert Contracting Co.*, 339 F.2d 530, 532 (1st Cir. 1964).

[22] *Id.*

[23] *Id.* (*citing Sykes v. Keating*, 118 Mass. 517 (1875)).

[24] 28 Mass. Prac., Real Estate Law § 2.16 (4th ed.).

[25] Mass. Gen. Laws ch. 184, § 25.

[26] *Id.* The Supreme Judicial Court has held that the "recorded in due course" requirement applies to all recorded instruments, regardless of whether they contain an indefinite reference. *See Devine v. Town of Nantucket*, 449 Mass. 499, 507-08 (2007).

[27] Mass. Gen. Laws. ch. 184, § 25.

In this case, the Deed correctly identified the grantor of the Property and was recorded in the appropriate registry of deeds. The Registry, not the recording party, was the source of the indexing error. Absent a clearer legislative directive to the contrary, I predict that in this case the Supreme Judicial Court would uphold the common law rule concerning mistakes by a registry and "[hold] in favor of a person who has done all he could do to have a transaction recorded, as against a subsequent creditor or purchaser who has relied on an erroneous record."[28]

Finally, I note that the test for whether a recorded deed gives constructive notice of a transfer of property is not whether the deed is accessible through a search of the grantor index. The Trustee attempts to distinguish several of the cases on which Wells Fargo relies on the basis that the instruments at issue remained "accessible" to third-party searchers.[29] On the contrary, Massachusetts courts have recognized that:

> Instances are not rare in which the constructive notice provided for by statutes requiring the registration of instruments proves insufficient to protect the interests of those for whose benefit they are intended, but who do not, for that reason, have a right to priority.[30]

Again, the language of Section 25 does not evidence a clear intent by the legislature to overturn the common law rule and impose an "accessibility" requirement.

---

[28] *Higgins v. Savoie*, 288 Mass. at 467.

[29] *See* Docket No. 30 at 5-6.

[30] *Norris v. Anderson*, 181 Mass. 308, 313 (1902); *see also Gillespie v. Rogers*, 146 Mass. 610, 612 (1888) ("It makes no difference if the constructive notice provided for by law proves insufficient. A deed is considered to be recorded when it is noted by the recording officer as having been received for record . . . It is obvious that under this rule one searching the records may fail to find all that is necessary for his protection; but, nevertheless, he will be bound.") (internal citations omitted); *Mac-Gray Servs., Inc. v. Bay Macy, LLC*, CA984237F, 2000 WL 1273853 (Mass. Super. Mar. 23, 2000) (*citing Norris v. Anderson* and *Gillespie v. Rogers* with approval).

## V. <u>CONCLUSION</u>

In light of the foregoing, I will enter an order granting the Motion to Dismiss.

                                                                                   _____
                                                                                   William C. Hillman
                                                                                   United States Bankruptcy Judge

Dated: August 28, 2014


Counsel Appearing:

    Warren E. Agin, Taylor A. Greene, Swiggart & Agin LLC, Boston, MA
        for the Trustee
    Christine E. Devine, Kate P. Foley, Mirick, O'Connell, DeMallie & Lougee, LLP, Westborough, MA
        for Wells Fargo
    John Kupris, Boston, MA
        for Temu-ra Dias